THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Rip Patrick Bryant, Appellant.
 
 
 
 
 
 

Appeal From Pickens County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No.   2010-UP-567 
 Submitted December 1, 2010  Filed
December 31, 2010

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia;
 and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Rip
 Patrick Bryant appeals his conviction for assault and battery of a high and aggravated
 nature (ABHAN), arguing the trial court erred in (1) denying his motion for a
 continuance due to an illegally and irregularly impaneled jury and (2) denying
 his motion for a jury instruction on the lesser included offense of simple
 assault and battery.   We affirm.[1]
1. Bryant argues
 the trial court committed reversible error in denying his motion for a
 continuance.  We disagree.  "The conduct of a criminal trial is left
 largely to the sound discretion of the trial judge, who will not be reversed in
 the absence of a prejudicial abuse of discretion."  State v. Bryant,
 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007).  Notably, "a trial court is given
 enormous discretion in conducting a criminal trial."  Id. at 313,
 642 S.E.2d at 587.  Moreover, "'the [statutory] provisions as to the
 drawing and summoning of jurors are usually . . . not
 mandatory.'"  State v. Smith, 200 S.C. 188, 196, 20 S.E.2d 726, 730
 (1942) (quoting State v. Rasor, 168 S.C. 221, 233, 167 S.E. 396, 401
 (1933)).  Section 14-7-1100 of the South Carolina
 Code (Supp. 2009) requires that jurors in criminal cases be impaneled
 according to "established practice," but "'established
 practice' does not refer to only one method of impaneling a jury" and the
 court need not use the "most common" method of impaneling.  Bryant,
 372 S.C. at 313, 642 S.E.2d at 587 (internal quotations omitted).  If there is an
 irregularity in the impaneling of jurors, that irregularity is insufficient to
 set aside a verdict unless a party objected before the returning of the verdict
 and the irregularity injured the objecting party.  S.C. Code Ann. § 14-7-1140
 (Supp. 2009).  Thus, a defendant is not entitled to a full jury venire so long
 as a sufficient number of jurors remain from which to draw the jury.  State
 v. Rogers, 263 S.C. 373, 382, 210 S.E.2d 604, 609 (1974).  
Here, the trial court did not
 abuse its discretion in impaneling jurors after qualification by drawing the
 present jurors' badges from a box.  The jury was not illegally impaneled because
 the procedures for drawing and impaneling jurors generally are not mandatory.  Bryant, 372 S.C. at
 313, 642 S.E.2d at 587; Smith, 200 S.C. at 196, 20 S.E.2d at 730.  Bryant did not argue at trial that the method
 used was against established practice, and he failed to present evidence that
 the method prevented him from receiving a fair trial by an impartial jury.  Although
 the jury was not illegally impaneled, the jury was irregularly impaneled
 because an erroneous phone message left by the court caused nineteen of the
 fifty-three qualified jurors to be absent for impaneling.  Despite the reduced
 number of present jurors, however, the irregularity did not prejudice Bryant. 
 He was not entitled to a full jury venire, and
 he produced no relevant evidence that the remaining jury pool was tainted.  Accordingly,
 the trial court properly denied Bryant's objections to the jury impaneling.  
2. Bryant next
 argues the trial court erred in denying his motion for a jury instruction on the lesser included offense of simple
 assault and battery.  We disagree.  "To warrant reversal, a trial court's refusal to give a
 requested jury charge must be both erroneous and prejudicial to the defendant."  State v. Gaines, 380 S.C. 23, 31, 667
 S.E.2d 728, 732 (2008).  A trial court properly "refus[es] to
 charge a lesser included offense where there is no evidence tending to show the
 defendant was guilty only of the lesser offense."  State v. White, 361
 S.C. 407, 412, 605 S.E.2d 540, 542 (2004).  "ABHAN
 is an unlawful act of violent injury accompanied by circumstances of
 aggravation. . . .  Circumstances of aggravation include
 . . . great disparity in the ages or physical conditions of the
 parties, [and] a difference in gender . . . ."  Id. at 412, 605 S.E.2d at 543 (internal quotations and citations omitted).  "Simple assault and battery is an unlawful act of
 violent injury to another, unaccompanied by any circumstances of aggravation."  Id. at 413, 605 S.E.2d at 543 (emphasis in original).  
Here, the record provides
 evidence that Bryant was not guilty of only simple assault and battery.  Accordingly,
 the trial court properly denied Bryant's motion for a jury instruction on simple
 assault and battery as a lesser included offense of ABHAN.
AFFIRMED.
THOMAS, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.